# E. A. Johnson & Co. *vs.* Jeremiah Smith.

### *From Desmoines.*

Where a person becomes indebted to a partnership as a firm, they may sue him by their partnership name and style.

The defendant bought goods of the plaintiffs, who were wholesale dealers under the name of E. A. Johnson & Co. Suit was brought by them in that name, to which the defendant pleaded *non assumpsit.*— Under this plea the defendant at the trial, objected that suit could not be maintained by the plaintiffs without setting out their individual names. The amount of indebtedness was not disputed. By mutual consent this question was reserved in the court below in order to be submitted to the Supreme Court with an understanding that the Supreme Court should render judgment for the plaintiff, or defendant as that question was decided in favor of the one or the other.

GRIMES, for plaintiffs, contended that under the plea of *non assumpsit*, it was now too late to take advantage of this defect in the declaration, and cited Tidd's Prac. 448, Chitty Pl. 281, 511; 10 Serg. & Rawle, 257, 12 Petersdorff Abr. 660, 667.

BROWNING, *contra*, insisted that misjoinder may be taken advantage of on the trial and cited Chitty Pl. 14, 15; 8 Serg. & Rawle 53, 308, 5 Serg. & Rawle 537, 6 Mass. 460, 10 Mass. 379, 3 Johns. Cases 384; 1 Wash R. 9, 15 Johns. 482, 16 Johns. 34, 146, 18 John. 459.

BY THE COURT, MASON, CHIEF JUSTICE.—This was an action of assumpsit brought by the plaintiffs who are a mercantile firm in St. Louis, against the defendant for goods sold and delivered. The plea was *non assumpsit*, and the only question to be determined is whether under these circumstances, a suit may be sustained in the name of the firm. Our statute, enabling plaintiffs to bring suit in this manner, is limited in its operation to those brought on promissory notes, bonds, bills, or other instruments of writing, and would not reach a case of this kind. The whole case therefore turns upon the construction of what should be the law, independent of statute.

The authorities cited by the counsel for the defendant, are all cases of misnomer of the plaintiff. There is no doubt but this may be taken

14

advantage of under the general issue.    But in the present instance there
is no allegation that the name of the firm is not correctly set forth.—
We must therefore look in a different direction for reasons on which to
found a decision of this case.

No very weighty argument against allowing suits to be brought in
this manner can be drawn from any other source, than that of prece-
dent.    The defendant dealt with the plaintiffs'in their partnership capac-
ity and under their partnership name.    He could not therefore be sur-
prised by the suit being commenced by them under that name.    A
recovery in the present action would be quite as effectual a bar to a
subsequent suit for the same demand as though the names of the part-
ners had been particularly set forth.

Formerly the courts were fastidious in requiring the names of the
partners to be particularly set forth and proved, and in regarding a
failure in this respect as a fatal defect at any stage of the proceedings.
But this strict rule has been continually undergoing modifications, in
order to encourage and facilitate the operations of mercantile traffic.
If this could become a new question in the States of the Union, or even
in England, we believe the courts would regard mercantile partnerships
as persons in law, capable of sustaining or defending suits when brought
by or against them in that capacity.

We are now in that very situation, and we think it better to lay down
such a rule in the commencement, as will not require continual altera-
tion.    This rule will be to permit the plaintiff to make his legal demand
for payment under the very name by which the credit was given.

Judgment will therefore be rendered for the plaintiff, pursuant to the
stipulation filed in this case.